IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00924–DME–KMT

TODD NORRIS,

    Plaintiff,

v.

BUENA VISTA CORRECTIONAL COMPLEX,
COLORADO DEPARTMENT OF CORRECTIONS, and
JOHN DOES 1-15, whose true names and identities are unknown,

    Defendants.

---

## ORDER

---

This matter is before the court on Defendants Buena Vista Correctional Complex (BVCC) and the Colorado Department of Corrections's (CDOC) "Unopposed Motion to Stay Discovery." (Doc. No. 10, filed Aug. 6, 2012 [Mot. Stay].) For the following reasons, the Motion to Stay is GRANTED.

In this case, Plaintiff asserts several claims for relief pursuant to 42 U.S.C. § 1983 arising out of a gang-related assault incurred while he was incarcerated in the CDOC at BVCC. (*See* Compl., Doc. No. 1, filed Apr. 6, 2012.) In their Motion to Dismiss, filed August 2, 2011, CDOC and BVCC maintain, *inter alia,* that Plaintiff's claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the CDOC and BVCC are immune under the Eleventh Amendment. (*See* Doc. No. 9 [Mot. Dismiss].) Accordingly, in their present Motion to

Stay, the CDOC and BVCC seek a stay of discovery pending a ruling on whether they are entitled to immunity under the Eleventh Amendment.  (*See* Mot. Stay.)[1]

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

The Eleventh Amendment bars actions for damages against a state in federal court. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985).  "Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit."  *University of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir.

---

[1] CDOC and BVCC's motions to dismiss and to stay are not submitted on behalf of the John Doe defendants.

1996) (citation omitted). Eleventh Amendment state sovereign immunity applies to the state itself and state entities, as well as "to state officials sued in their official capacities for retrospective monetary relief." *Steadfast Ins. Co. v. Argic. Ins. Co.,* 507 F.3d 1250, 1253 (10th Cir. 2007); *Brock v. Herbert*, 435 F. App'x 759, 763 (10th Cir. 2011) (unpublished) (citation omitted). Consequently, decisions from this district have routinely held that a well-supported claim of Eleventh Amendment immunity warrants a temporary stay of discovery until this threshold issue can be resolved. *See, e.g., Havens v. Johnson,* 09-cv-1380-MSK-MEH, 2012 WL 95265, at *2 (D. Colo. Jan. 12, 2012); *Am. Tradition Inst. v. Colorado,* 11-cv-859-WJM-KLM, 2011 WL 3705108, at *2-3 (D. Colo. Aug. 23, 2011). *See also Moore v. Busby,* 92 F. App'x 699, 702 (10th Cir. 1995) (affirming trial court's stay of discovery pending resolution of absolute immunity question).

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.") When considering a stay of discovery, this court has considered: (1) the plaintiff's interest in proceeding expeditiously with

the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Plaintiff does not oppose a stay of discovery. Therefore, any prejudice to Plaintiff's ability to proceed expeditiously with this case does not weigh heavily in the court's analysis.[2] Moreover, the court finds that any possible prejudice to Plaintiff is outweighed by the burden on the CDOC and BVCC if they were forced to proceed with discovery in spite of well-established precedent supporting a stay of discovery when a immunity defense has been raised. *Vratil*, 96 F.3d at 1340; *cf. Crawford–El v. Britton*, 523 U.S. 574, 598 (1998) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (noting that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery.")

There is no indication that granting a stay will inconvenience the court or prejudice the interests of persons not parties to this action. Indeed, the public interest is served by avoiding unnecessary discovery in the event the Motion to Dismiss is granted. *See* Fed. R. Civ. P. 1 (instructing that the Federal Rules "should be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding") (emphasis added).

---

[2] Notably, because the Motion to Stay is unopposed, Plaintiff has not argued that limited discovery is necessary to discover the identities of the unknown John Doe defendants. *See Bustos v. United States,* 08-cv-00153-LTB-MEH, 2009 WL 416511 (imposing a partial stay of discovery by excepting from the stay discovery directed toward identifying three John Doe Defendants).

4

Accordingly, having considered the underlying purposes of Eleventh Amendment immunity as well as the five *String Cheese* factors, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

ORDERED that the "Unopposed Motion to Stay Discovery" (Doc. No. 10) is GRANTED. All discovery in this matter is hereby STAYED pending ruling on the CDOC and BVCC's Motion to Dismiss (Doc. No. 9).

It is further

ORDERED that the Scheduling Conference set for August 23, 2012 is VACATED. The parties shall file a Joint Status Report within five days of the District Court's ruling on the CDOC and BVCC's Motion to Dismiss, if any portion of the case remains pending, to advise if the Scheduling Conference should be reset.

Dated this 15th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge