IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00924-DME-KMT

TODD NORRIS,

        Plaintiff,

v.

BUENA VISTA CORRECTIONAL COMPLEX,
COLORADO DEPARTMENT OF CORRECTIONS, and
JOHN DOES 1-5, whose true names and identities are unknown,

        Defendants.

## ORDER OF DISMISSAL

Before the Court is the motion of Defendants Buena Vista Correctional Complex ("BVCC") and the Colorado Department of Corrections ("CDOC") (collectively, the "Agency Defendants"), to dismiss Plaintiff Todd Norris's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Doc. 9. Norris alleges claims for money damages under 42 U.S.C. § 1983 and the doctrine of respondeat superior for injuries he allegedly suffered while incarcerated at BVCC. In support of their motion to dismiss Norris's complaint, the Agency Defendants assert, inter alia, that as Colorado state agencies, they are entitled to Eleventh Amendment immunity. Norris has responded to the motion, and the Agency Defendants have submitted a reply.

"[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Harris v. Owens, 264 F.3d 1282, 1288 (10th Cir. 2001) ("Once effectively

raised, the Eleventh Amendment becomes a limitation on our subject-matter jurisdiction . . . ."). Eleventh Amendment immunity extends to governmental entities that are "arms of the state." Duke v. Grady Mun. Sch., 127 F.3d 972, 974 (10th Cir. 1997) (citing Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 574 (10th Cir. 1996)). The CDOC is an arm of the state of Colorado. Hunt v. Colo. Dept. of Corr., 271 F. App'x 778, 780-81 (10th Cir. 2008) (unpublished); Wood v. Milyard, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). The BVCC is a public facility operated by the CDOC. See Colorado Department of Corrections Facilities, COLORADO DEPARTMENT OF CORRECTIONS, http://www.doc.state.co.us/colorado-department-corrections-facilities (last visited January 28, 2013). Accordingly, the Agency Defendants are entitled to Eleventh Amendment immunity to the same extent as the State itself.

Norris advances two claims, Counts II and III in his complaint, against the Agency Defendants under 42 U.S.C. § 1983.[1] The Tenth Circuit has previously recognized that "Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." Ruiz v. McDonnell, 299 F.3d at 1181 (10th Cir. 2002) (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that states are not "persons" within the meaning of § 1983). Norris argues from Monell v. Department of Social Services, 436 U.S. 658 (1978), that "[a] local government entity may be liable under § 1983 when execution of governmental policy or custom results in infliction of an injury," and that

---

[1] In his complaint, Norris also advances Count I, an additional claim against the Agency Defendants under § 1983, but he has voluntarily "agree[d] to dismiss [that] claim for relief in its entirety." Doc. 15 at 3. Therefore, Count I against all defendants is dismissed with prejudice.

"[a] municipality may also be liable under § 1983 [for failure to train]." Doc. 1 at 11. However, the "Court's holding in Monell was limited to local government units which are not considered part of the State for Eleventh Amendment purposes," Quern, 440 U.S. at 338 (internal quotation marks omitted). As explained above, the Agency Defendants are arms of the state, and thus Monell is inapposite. Accordingly, Counts II and III against the Agency Defendants are dismissed with prejudice.

Norris's only remaining claim[2] against the Agency Defendants, Count V, is a respondeat superior claim. In his complaint, Norris fails to tether his respondeat superior claim to any statute. See Auto-Ion Litig. Grp. v. Auto-Ion Chemicals, 910 F. Supp. 328, 332 (W.D. Mich. 1994) ("In general, a state is entitled to Eleventh Amendment immunity for common law claims." (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234 (1985))); see also Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."). In his response to the Agency Defendants' motion to dismiss, Norris clarifies that he intended to bring his respondeat superior claim under the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. §§ 24-10-106(1), -110, -113 & -118. Norris argues that "Colorado has waived sovereign immunity for tort claims . . . arising out of the operations of jails through the Colorado Governmental Immunity Act." Doc. 15 at 6.

---

[2] Norris's complaint includes a "Fourth Claim for Relief," but it is merely a heading—"Fourth Claim for Relief-Wilful [sic] and Wanton conduct"—and contains no legal or factual support. Thus, Norris's "Fourth Claim for Relief" is not a cognizable claim. Cf. Perry v. Woodward, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) ("[A] court . . . will not craft a party's arguments for him.").

"In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974). The Supreme Court has long held that a state may waive sovereign immunity to suit in its own courts, while retaining its Eleventh Amendment immunity to such lawsuits in federal court. See, e.g., Smith v. Reeves, 178 U.S. 436, 441 (1900); Fla. Dept. of Health and Rehab. Servs. v. Fla. Nursing Home Ass'n, 450 U.S. 147, 150 (1981) (per curiam). Indeed, "in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court." Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 306 (1990) (emphasis in original) (quoting Atascadero, 473 U.S. at 241).

Here, even if the CGIA would operate to waive Colorado's sovereign immunity in Colorado's state courts—a matter on which this Court takes no position—the Tenth Circuit has held that Colorado did not waive its Eleventh Amendment immunity to suit in federal court when it enacted the CGIA. See Griess v. Colorado, 841 F.2d 1042, 1044-45 (10th Cir. 1988) ("Nothing in the CGIA indicates 'by the most express language or by such overwhelming implication from the text,' . . . that the legislature was concerned with anything other than the tort liability of the state enforceable in its own courts."). Accordingly, Count V, Norris's respondeat superior claim against the Agency Defendants is dismissed with prejudice.

In sum, the Eleventh Amendment operates to bar all of Norris's claims against the Agency Defendants. Consequently, the Court does not address any of the Agency Defendants' other arguments in favor of dismissal of Norris's claims against them.

As to the remaining defendants in this suit, John Does 1-5 (the "Doe Defendants"), Norris's concession of Count I leaves Count II as his surviving claim against them. Norris's complaint indicates that the Doe Defendants are "government officials, employed by [BVCC] through the [CDOC] . . . who were officers on duty on the date of the incident . . . and whose duties included overseeing activities within the prison." Doc. 1 at 2. However, Norris fails to state explicitly whether he is suing the Doe Defendants in their individual or official capacity.

"Where the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." Pride v. Does, 997 F.2d 712, 715 (10th Cir. 1993). In applying this "course of proceedings" test to ambiguous pleadings to determine the capacity in which government officials have been sued, courts consider factors such as: (1) whether the relief sought includes punitive damages, which are unavailable in official-capacity suits, see, e.g., id. at 714; (2) whether the defendants have asserted qualified immunity, see, e.g., id.; (3) whether the claim against the government-employee defendants is made in a separate count from claims brought against their employing agencies, see, e.g., Chung v. Kan. Soldiers' Home, 1996 WL 590914, at *1 (D. Kan. Sept. 9, 1996) (unreported); and (4) "whether the parties are still in the early stages of litigation,

including whether amendment of the complaint may be appropriate," Powell v. Alexander, 391 F.3d 1, 22 (1st Cir. 2004).

At this early stage of the litigation, it appears that Norris is attempting to sue the Doe Defendants in both their individual and official capacities. Norris has not sought punitive damages, but he has sued the Doe Defendants in a claim separate from his claims against the Agency Defendants, see Chung, 1996 WL 590914, at *1; Doc. 1 at 8-11. Furthermore, the parties are still in the early stages of litigation—discovery has been stayed pending resolution of this motion—and no defenses have been raised on the Doe Defendants' behalf. See Powell, 391 F.3d at 22; see also Goin v. Kansas, 2007 WL 852372, at *3 (D. Kan. Mar. 19, 2007) (unreported) (recognizing that "the nature of liability sought to be imposed may become clear in the course of the proceedings without being specified in the complaint" (citing Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985))). Finally, the Doe Defendants have not been adversely affected by Norris's failure to indicate unambiguously the capacity in which he intends to sue them, as they have not yet been served with process in this suit. See Powell, 391 F.3d at 22-25 (1st Cir. 2004) (noting that the "course of proceedings" test "balances a defendant's need for fair notice of potential personal liability against a plaintiff's need for the flexibility to develop his or her case as the unfolding events of litigation warrant"). Thus, the Court will assume for purposes of this motion that Norris asserts both official and individual capacity claims against the Doe Defendants.

Insofar as Norris seeks to sue the Doe Defendants in their official capacity, however, this Court "may raise the issue of Eleventh Amendment immunity [on their behalf] sua sponte." U.S. ex rel. Burlbaw v. Orenduff, 548 F.3d 931, 942 (10th Cir.

2008). Accordingly, for the reasons discussed above, Norris's claim against the Doe Defendants in their official capacity is barred under the Eleventh Amendment, and it is therefore dismissed with prejudice. See Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988) ("[T]he immunity conferred by the Eleventh Amendment extends . . . to the state, its instrumentalities, and its officers in their official capacities." (emphasis added) (citing Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977))).[3]

IT IS THEREFORE ORDERED THAT the Colorado Attorney General's motion to dismiss on behalf of Defendants BVCC and CDOC is GRANTED and Norris's claims against those defendants are DISMISSED with prejudice. Furthermore, on Norris's concession, Count I is DISMISSED with prejudice as to all defendants. Finally, Norris's claim against the Doe Defendants in their official capacity is DISMISSED with prejudice.

IT IS FURTHER ORDERED THAT, as all remaining defendants are "John Doe" defendants, Norris is granted until May 1, 2013, to file an amended complaint

---

[3] The Court recognizes that under the Ex parte Young doctrine, "when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court." ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1188 (10th Cir.1998) (citing Ex parte Young, 209 U.S. 123, 158-59 (1908)). However, the Court does not understand Norris's prayer for relief to support an application of the Ex parte Young doctrine in this case. Specifically, while Norris requests damages and "any other relief that this honorable court deems just or proper in the premises [sic]," Doc. 1 at 15, his complaint relates only to past conduct and does not mention the word "equitable." See Fogle v. Pierson, 2007 WL 274558, at *7 (D. Colo. Jan. 29, 2007) (unreported).

identifying the Doe Defendants and alleging any basis for asserting individual liability against them, or this case will be dismissed in its entirety. See Fed. R. Civ. P. 4. Accordingly, the Court authorizes Norris to re-commence discovery on the issue of the identities of the Doe Defendants.

Dated:   February 25, 2013

                                  BY THE COURT:

                                  *s/ David M. Ebel*
                                  UNITED STATES CIRCUIT JUDGE