IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00924–DME–KMT

TODD NORRIS,

      Plaintiff,

v.

RICHARD FISHER, individually, as an employee operating under the color of law for the Buena
Vista Correctional Complex,
CAROL MCCORMACK, individually, as an employee operating under the color of law for the
Buena Vista Correctional Complex, and
TIMOTHY VAUGHN, individually, as an employee operating under the color of law for the
Buena Vista Correctional Complex.

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on Plaintiff's failure to respond to the Order to Show

Cause regarding his failure to timely serve Defendants.   (Doc. No. 34, filed Nov. 14, 2013.)

      Pursuant to Fed. R. Civ. P. 4(m),

      If a defendant is not served within 120 days after the complaint is filed, the
      court—on motion or on its own after notice to the plaintiff—must dismiss the
      action without prejudice against that defendant or order that service be made
      within a specified time. But if the plaintiff shows good cause for the failure, the
      court must extend the time for service for an appropriate period.
      Defendants Richard Fisher, Carol McCormack, and Timothy Vaughn were first

named as defendants in Plaintiff's Amended Complaint, filed July 12, 2013.[1]   (Doc. No.

---

[1] Plaintiff's Amended Complaint was filed by counsel, who withdrew on October 2, 2013.

29.)   As such, Plaintiff was required to serve these Defendants no later than November

12, 2013.[2]   There is no indication, however, that service on Defendants has been

effectuated.   On November 14, 2013, the court ordered Plaintiff to show cause in writing,

on or before November 26, 2013, why his Amended Complaint should not be dismissed

without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.   (Doc. No. 45.)

Plaintiff has not responded to the Order to Show Cause to provide further information

about his efforts to serve Defendants.

　　　　Rule 4(m) authorizes the court to dismiss a case against unserved defendants unless the

plaintiff can show good cause for his failure to serve.   Here, Plaintiff has failed to provide good

cause for his failure to timely serve Defendants.

　　　　WHEREFORE, for the foregoing reasons, I respectfully

　　　　RECOMMEND that Plaintiff's Amended Complaint (Doc. No. 29) be dismissed without

---

(Minute Order, Doc. No. 32.)
[2] 120 days from July 12, 2013 is November 9, 2013. However, because November 9, 2013 falls on a Saturday and Monday, November 11, 2013 is a court holiday (Veterans Day), the correct deadline is Tuesday, November 12, 2013.

prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).   A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.   *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");   *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);   *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

3

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the

magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir.

2005) (firm waiver rule does not apply when the interests of justice require review).

       Dated this 12th day of December, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge